Cite as: 549 U. S. ____ (2007)          1

# SUPREME COURT OF THE UNITED STATES

## UNITED STATES *v.* TIMOTHY W. OMER

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 05–1101.   Decided January 16, 2007

The petition for a writ of certiorari is denied.

Statement of JUSTICE SCALIA respecting the denial of
the petition for writ of certiorari.

My dissent in *United States* v. *Resendiz-Ponce*, 549 U. S.
___ (2007), warned that the Court's opinion was "effecting
a revolution in our jurisprudence regarding the require-
ments of an indictment," *id.*, at ___ (slip op., at 4), and
that it would provide a license for the Government to
avoid explicating the elements of a criminal offense when-
ever it feels the "common parlance" of the crime's name
evokes them, *id.*, at ___ (slip op., at 1–2). I had not real-
ized how quickly that license would be exercised. Barely
24 hours after we released *Resendiz-Ponce*, the Solicitor
General filed a supplemental brief in this case, which
raises the question (avoided in *Resendiz-Ponce*) whether
the omission of an element of the offense from a federal
indictment can constitute harmless error. The supple-
mental brief urged us not to grant review in this case for
the following reason:

> "In the wake of the Court's decision in *Resendiz-Ponce*
> . . . it appears that the indictment in this case was not
> constitutionally deficient. As the Court has noted, it
> is well settled that the term 'fraud' requires a misrep-
> resentation or concealment of material fact . . . just as
> the term 'attempt,' 'as used in the law for centuries,'
> encompasses an overt-act requirement, see *Resendiz-
> Ponce*, slip op., at 5. The indictment [for fraud] in this
> case therefore need not have separately alleged that

the scheme at issue (or any statement made in the course of the scheme) was materially false or deceptive." Supp. Brief for United States 2.

That is not the reason I concur in the Court's decision to deny certiorari. It may, however, be a good reason—depending upon how the crime of fraud fares in our new some-crimes-are-self-defining jurisprudence. Another frontier of law opened by this Court, full of opportunity and adventure for lawyers and judges.